Case 3:17-cv-00119-AET-LHG   Document 16   Filed 05/15/17   Page 1 of 7 PageID: 291

RECEIVED
MAY 15 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BIXING PENG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AGILE THERAPEUTICS, INC., ALFRED ALTOMARI, and ELIZABETH GARNER,<br><br>Defendants. | Case No. 2:17-cv-00119-AET-LHG |
| ANDREA LICHTENTHAL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AGILE THERAPEUTICS, INC., ALFRED ALTOMARI, and ELIZABETH GARNER,<br><br>Defendants. | Case No. 3:17-cv-00405-AET-LHG |

**ORDER GRANTING MOTION OF HOYT W. CLARK FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; AND SETTING BRIEFING SCHEDULE FOR AMENDED PLEADING AND MOTION TO DISMISS**

Having considered the papers filed in support of the Motion of Hoyt W. Clark ("Clark") for Consolidation of the Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B) (the "Motion"), and having heard the parties before the Court at a hearing on May 11, 2017, and for good cause shown,

IT IS HEREBY ORDERED that Movant Clark's Motion (Civ. No. 17-119, ECF No. 4) is GRANTED;

And it further APPEARING that the two other movants who filed similar motions to that of Movant Clark have since filed notices of non-opposition to Movant Clark's motion (Civ. No. 17-119, ECF Nos. 6, 7), it is ORDERED that these motions (Civ. No. 17-119, ECF Nos. 3, 5) are DISMISSED AS MOOT;

And it is further ORDERED that:

## I. CONSOLIDATION OF RELATED ACTIONS

1. The above-captioned securities fraud class actions pending in this Judicial District are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Any actions that have been filed, or may be filed, which are related and which may be considered herewith, are consolidated with the *Peng* Action under Case No. 2:17-cv-00119-AET-LHG (the "Consolidated Action").

2. A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The docket number for the Master File shall be Master File No. 2:17-cv-00119-AET-LHG. The original of this Order shall be filed by the Clerk in each of the above-captioned actions. The Clerk shall mail a copy of this Order to counsel of record in each of the above-captioned actions.

3. Every pleading filed in the Consolidated Action shall bear the following caption:

| IN RE AGILE THERAPEUTICS, INC. SECURITIES LITIGATION | Master File No. 2:17-cv-00119-AET-LHG |
|---|---|

## II. APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

4. Clark has moved this Court to be appointed as Lead Plaintiff in the actions and to approve the counsel he retained to be Lead Counsel.

5. Having considered the provisions of Section 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that Clark is the most adequate plaintiff and satisfies the requirements of the PSLRA. The Court hereby appoints Clark as Lead Plaintiff to represent the interests of the class.

6. Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Clark has selected and retained the law firm Levi & Korsinsky LLP

to serve as Lead Counsel. The Court approves Clark's selection of Lead Counsel for the Consolidated Action.

    7.    Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

    a.    to coordinate the briefing and argument of any and all motions;

    b.    to coordinate the conduct of any and all discovery proceedings;

    c.    to coordinate the examination of any and all witnesses in depositions;

    d.    to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

    e.    to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

    f.    to coordinate all settlement negotiations with counsel for defendants;

    g.    to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

    h.    to coordinate the preparation and filings of all pleadings; and

    i.    to supervise all other matters concerning the prosecution or resolution of the Consolidated Action.

8. No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of the Lead Counsel.

9. Service upon any plaintiff of all pleadings in the Consolidated Action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Lead Counsel.

10. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

### III. NEWLY FILED OR TRANSFERRED ACTIONS

11. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

    a. file a copy of this Order in the separate file for such action;

    b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

    c. make the appropriate entry on the docket for this action.

12. Each new case that arises out of the subject matter of the action that is filed in this Court or transferred to this Court shall be consolidated with the Consolidate Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

13. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

### IV. SCHEDULE FOR CONSOLIDATED COMPLAINT AND MOTION TO DISMISS

14. The parties to these actions submitted a stipulation for the Court's consideration on April 7, 2017 requesting a schedule for filing a consolidated complaint and briefing a motion to dismiss (Dkt. No. 12).

15. The parties appeared before the Court on May 11, 2017, at which time the parties agreed to the following schedule for filing the consolidated complaint and briefing on the motion to dismiss:

6

(a) Plaintiff will file a consolidated complaint on June 26, 2017;

(b) Defendants will answer or otherwise respond to the consolidated complaint on August 10, 2017;

(c) If Defendants move to dismiss Plaintiff's consolidated complaint, Plaintiff will file his opposition to the motion to dismiss on September 25, 2017 and Defendants will file a reply in further support of the motion to dismiss on October 25, 2017.

Dated: 5/15/17

The Honorable Anne E. Thompson
United States District Judge